```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALFONZA KIZZIE,                     : CIVIL NO: 3:12-CV-01236
                                    :
           Plaintiff                :
                                    : (Judge Caputo)
     v.                             :
                                    : (Magistrate Judge Smyser)
WARDEN LAMUS and                    :
DEPUTY R. MARSH,                    :
                                    :
           Defendants               :
```

**REPORT AND RECOMMENDATION**

The prisoner plaintiff complains about his confinement at the Clinton County Correctional Facility. We have reviewed the amended complaint in accordance with 28 U.S.C. § 1915(e)(2), and we conclude that it fails to state a claim upon which relief may be granted. We will recommend that the amended complaint be dismissed and that the case file be closed.

I. Background and Procedural History.

The plaintiff is proceeding *pro se*. He commenced this 42 U.S.C. § 1983 case by filing a complaint. He also filed an application for leave to proceed *in forma pauperis.*

We granted the plaintiff's application for leave to proceed *in forma pauperis*.  After reviewing the complaint, we determined that it failed to state a claim upon which relief may be granted.  We granted the plaintiff leave to file an amended complaint.

The plaintiff filed an amended complaint.  The defendants are Warden Lamus and Deputy Warden Marsh.[1]  The plaintiff alleges the following.

The plaintiff was sentenced to a term of imprisonment of five and half to ten years.  In accordance with state law, he was to be committed to the Pennsylvania Department of Corrections for confinement.  But, because the State Correctional Institution at Rockview is overcrowded, he was sent from Rockview to the Clinton County Correctional Facility. He alleges that the conditions and programs at that facility differ from and are more restrictive than the conditions and programs at a state correctional institution.  The plaintiff is seeking an order that he be transferred to a state correctional facility as well as compensatory damages.

---

1. In the original complaint, the defendants were identified as the Warden and Deputy Warden of the State Correctional Institution at Rockview.

2

II.  Pleading Standards.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).  The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  But more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id.*  "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009).  "A complaint has to "show" such an entitlement with its facts." *Id.*  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950.  "When there are well-pleaded factual allegations, a court should assume their veracity and then

3

determine whether they plausibly give rise to an entitlement to relief." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

III. Discussion.

We review the amended complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening.**- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal.**- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

This is a 42 U.S.C. § 1983 case. "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right."

*Id.* "To state a claim under § 1983, a plaintiff 'must allege both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state law.'" *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005)(quoting *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997)).

"Liability may not be imposed under § 1983 on the principle of *respondeat superior.*" *Hetzel v. Swartz*, 909 F.Supp. 261, 264 (M.D. Pa. 1995). "Liability based on *respondeat superior* arises 'solely on the basis of the existence of an employer-employee relationship,' regardless of whether the employer had any part in causing harm." *Santiago v. Warminster Twp.,* 629 F.3d 121, 128 (3d Cir. 2010)(quoting *Monell v. Dep't of Soc. Services of New York,* 436 U.S. 658, 692 (1978)). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1948 (2009).

There are two viable theories of supervisory liability. *Santiago*, *supra,* 129 F.3d at 129 n.5.  Under the first theory, a supervisor can be liable if he or she established and maintained a policy, practice, or custom which directly caused the constitutional harm. *Id.*  Under the second theory, a supervisor can be liable if he or she participated in violating the plaintiff's rights, directed others to violate the plaintiff's rights or as the person in charge had knowledge of and acquiesced in his or her subordinates' violations of the plaintiff's rights. *Id.*

The plaintiff has failed to allege personal involvement on the part of the named defendants in either the decision to confine him in the county institution or in the conditions in the county institution.  Thus, the amended complaint fails to state a claim upon which relief may be granted against the defendants.

Before dismissing a complaint for failure to state a claim upon which relief may be granted under the screening provisions of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would

7

be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002).  After pointing out that the complaint failed to state a claim upon which relief may be granted because it did not allege personal involvement on the part of the named defendants, we granted the plaintiff leave to file an amended complaint.  The plaintiff filed an amended complaint.  But he still has not alleged personal involvement on the part of the defendants.  Further leave to amend would be futile.

IV. Recommendations.

    Based on the foregoing, it is recommended that the amended complaint be dismissed and that the case file be closed.

                              ***/s/ J. Andrew Smyser***
                              J. Andrew Smyser
                              Magistrate Judge

Dated:  July 11, 2012.

8