**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALFONZA KIZZIE, | |
| Plaintiff, | No. 3:12-cv-1236 |
| v. | (JUDGE CAPUTO) |
| WARDEN LAMUS, *et. al.*, | (MAGISTRATE JUDGE SMYSER) |
| Defendants. | |

## **MEMORANDUM**

Currently before me is a Report and Recommendation in this matter by Magistrate Judge J. Andrew Smyser. (Doc. 9.) Such uncontested recommendations may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984). At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998). Of course, *pro se* pleadings like the one at issue are to be held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009).

Plaintiff Alfonza Kizzie filed the instant action on June 28, 2012. In it, he alleges that his imprisonment in a county correctional facility is in violation of 42 Pa.C.S. § 9762(a) which states that individuals with terms of incarceration of five or more years "shall be committed to the Department of Corrections for confinement." On July 2, 2012, Magistrate Judge Smyser found that Kizzie's original complaint failed to allege any personal involvement of the named defendants and granted leave to submit an amended complaint. Kizzie filed an

amended complaint on July 9, 2012. In the instant Report and Recommendation, Magistrate Judge Smyser determined that the amended complaint again failed to allege personal involvement on the part of the named defendants and recommended that the action be dismissed. As I find no clear error in this recommendation, it will be adopted.

More substantially, however, the Pennsylvania statutory provision Kizzie relies on "does not create a protected liberty interest for [Plaintiff] in his place of confinement." *Jones v. Beard*, CIV.A. 10-5544, 2011 WL 3611470, at *4 (E.D. Pa. Aug. 16, 2011). As an initial matter, "prisoners have no constitutional right to be assigned to a particular institution, facility or rehabilitative program." *Id.* (quoting *Podhorn v. Grondolsky*, 350 F. App'x 618, 620 (3d Cir. 2009)). Furthermore, 61 Pa.C.S. § 1151 allows prisoners to be transferred from the "State correctional institution system to the jurisdiction of a county correctional institution system upon such terms and conditions that the secretary or his designee and the chief administrator of the county correctional institution determine to be in the best interests of the Commonwealth." Therefore, I find that Kizzie's Amended Complaint fails to state a claim and Magistrate Judge Smyser's recommendation that this action be dismissed will be adopted. An appropriate order follows.

|  |  |
|---|---|
| August 6, 2012 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
|  | United States District Judge |